UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOLKSWAGEN GROUP OF AMERICA
CHATTANOOGA OPERATIONS, LLC,
a Tennessee limited liability corporation,

    Plaintiff,

v.

GILL INDUSTRIES, INC.
a Michigan corporation,

    Defendant.

Case No.

Hon.

Miller, Canfield, Paddock and Stone, PLC
Todd A. Holleman (P57699)
Morgan L. Lear (P83072)
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 496-7668
*Attorneys for Plaintiff*

## COMPLAINT

Plaintiff Volkswagen Group of America Chattanooga Operations, LLC ("Volkswagen") by and through the undersigned counsel and for its Verified Complaint, states as follows:

## PARTIES

1. Volkswagen is a Tennessee limited liability corporation with its principal place of business in Tennessee, and its sole member is Volkswagen

Group of America, Inc., a New Jersey corporation with its principal place of business in Herndon, Virginia.

2. Defendant Gill Industries ("Gill") is a Michigan Corporation with its U.S. sales operations headquartered in Southfield, Michigan.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because Gill Industries resides in this judicial district in Southfield, Michigan.

## FACTUAL BACKGROUND

5. Volkswagen assembles automotive vehicles in its assembly plan in Chattanooga, Tennessee.

6. Gill is a supplier of automotive parts.

7. In 2011, Volkswagen selected Gill as a supplier to Volkswagen for certain parts for the Passat and Atlas vehicles to be assembled in Chattanooga, Tennessee based on Gill's response to Volkswagen request for proposal. *See* Exhibit A, Nomination Agreements.

8. Pursuant to the terms of the Nomination Agreements and through releases ordered by Volkswagen in purchase orders issued to Gill, Gill supplies

directly to Volkswagen parts for the Volkswagen Passat and Atlas that are currently being produced at Volkswagen's Chattanooga, Tennessee assembly plant. A true and accurate copy of the purchase orders are attached hereto as Exhibit B.

9. Gill agreed to supply the parts pursuant to Volkswagen's Terms and Conditions. Exhibit C, Terms and Conditions.

10. The Terms and Conditions state that the Volkswagen Contract is binding for the length of the applicable vehicle program life plus fifteen (15) years in order to provide for aftermarket replacement parts. *See* Exhibit C.

11. Notwithstanding Gill's agreement and commitment to produce the parts needed by Volkswagen to meet its Passat and Atlas production requirements at the agreed upon prices, Gill unilaterally demanded an across-the-line price increase on all parts supplied by Gill to Volkswagen and, if Volkswagen did not comply, Gill would cease shipments of critical parts needed by Volkswagen to continue its assembly of vehicles.

12. Volkswagen expressly rejected Gill's unilateral attempt to terminate the contract in its April 29, 2019 letter. *See* Exhibit D.

13. In May 2019, Volkswagen, under protest, acquiesced to Gill's demands and agreed to a price increase for the stamped parts supplied to Volkswagen.

## COUNT I
## BREACH OF CONTRACT

14. Volkswagen incorporates by reference the allegations of paragraphs 1 through 13 of its Verified Complaint as if fully rewritten and set forth herein.

15. Volkswagen and Gill entered into a contract whereby Gill agreed to supply Volkswagen with stamped parts ("Volkswagen Contract"). *See* Exhibits A, B, C.

16. The Volkswagen Contract is subject to the terms of the purchase order and Volkswagen's Terms and Conditions of Purchase. *See* Exhibit C.

17. The Volkswagen Contract remains in effect as Volkswagen has not terminated the contract.

18. Gill attempted to unilaterally terminate the Volkswagen Contract by demanding a substantial across-the-line price increase on all parts currently supplied to Volkswagen in violation of Section 18 of the Terms and Conditions of the Volkswagen Contract. *See* Exhibit C, Terms and Conditions of Purchase, at Section 18.

19. Gill breached the Volkswagen Contract by refusing to produce and deliver parts to Volkswagen at the agreed upon price unless its across-the-line price increase was accepted by Volkswagen.

20. Volkswagen has been damaged by Gill's violation of the contract in the amount in excess of $75,000 to be fully determined at trial.

21. Gill agreed that it is liable for reasonable attorneys' fees and other professional fees and other costs associated with Volkswagen's administrative time, labor, and materials incurred by Volkswagen as a result of any production interruption caused by Gill or as a result of the breach by Gill of its obligation to supply stamped parts to Volkswagen. *See* Exhibit C, Terms and Conditions of Purchase, at Section 15.

22. Volkswagen has incurred and continues to incur attorneys' fees, and court costs as a result of Gill's refusal to comply with its contractual obligations, for which Gill is responsible, and the amount which will be proven in a subsequent filing with this Court or at trial.

23. Volkswagen has mitigated damages as a result of Gill's breach by acquiescing to the terms demanded by Gill, while reserving its legal rights.

## COUNT II
## REQUEST FOR DECLARATORY JUDGMENT

24. Volkswagen incorporates by reference the allegations of paragraphs 1 through 23 of its Verified Complaint, as if fully rewritten and set forth herein.

25. By virtue of the foregoing, Volkswagen has demonstrated an actual controversy has arisen and now exists between Volkswagen and Gill in that Gill breached the Volkswagen Contract when it unilaterally demanded that Volkswagen agree to an across-the-line price increase for the parts; whereas Gill maintains that the parties negotiated a higher price in order to prevent supply chain disruption.

26. A judicial declaration requiring Gill to produce the parts it agreed to produce and deliver to Volkswagen at the agreed upon prices for the applicable vehicle program life plus fifteen (15) years and/or holding Gill liable for the difference between the Volkswagen Contract price and any future price paid by Volkswagen to an alternative supplier as cover for Gill's breach is appropriate and necessary at this time in order to avoid a multiplicity of judicial action later.

**WHEREFORE**, Volkswagen requests that this Honorable Court

27. Enter an Order holding Gill responsible between the Volkswagen Contract price and the current price paid by Volkswagen.

28. Award Volkswagen such damages as may be proven at trial in excess of $75,000, together with its costs and attorneys' fees and both pre- and post-judgment interest.

        Respectfully submitted,

        Miller, Canfield, Paddock and Stone, P.L.C.

        By: /s/Todd A. Holleman
        Todd A. Holleman (P57699)
        Morgan L. Lear (P830720
        150 West Jefferson, Suite 2500
        Detroit, MI  48226
        (313) 963-6420
        *Attorneys for Plaintiff*

Dated:  June 13, 2019